**State of Vermont**
**Superior Court—Environmental Division**

===========================================================================
## E N T R Y  R E G A R D I N G  M O T I O N
===========================================================================

**In re Wood NOV and Permit Applications**                    **Docket No. 138-8-10 Vtec**
**(Appeal from Town of Hartford Zoning Board of Adjustment decision)**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**Town of Hartford v. Wood**                                  **Docket No. 1-1-11 Vtec**
**(Municipal enforcement action)**

Title: Motion for Summary Judgment (Filing No. 2)

Filed: February 18, 2011

Filed By: Paul S. Gillies, Attorney for Appellant/Applicant Marc Wood

Response in Opposition filed on 4/1/11 by William F. Ellis, Attorney for Appellee Town of Hartford

Reply filed on 4/12/11 by Paul S. Gilles, Attorney for Appellant/Applicant Marc Wood


___ Granted                    _X_ Denied                    ___ Other


        Marc Wood owns two abutting properties in the Town of Hartford ("Town") on which he has built a retaining wall or walls.[1]  The development at issue in this appeal has been the subject of many previous decisions by this Court.[2]  Currently before the Court in Docket No. 138-8-10 Vtec is an appeal by Mr. Wood ("Appellant") of a decision by the Town of Hartford ("Town") Zoning Board of Adjustment ("ZBA") upholding three decisions by the Town's Zoning Administrator: one denying a zoning permit application Appellant submitted for development of a retaining wall on the property he refers to as the club lot, one denying a zoning permit application Appellant submitted for development of a single-family dwelling on the property he refers to as the diner lot, and one issuing a Notice of Violation ("NOV") against Appellant for unpermitted development on his properties.  The second Docket (No. 1-1-11 Vtec) is an action by the Town against Mr. Wood, based upon that same NOV.  All issues in both Dockets have been consolidated for trial.

        Appellant now seeks summary judgment on many of the issues he raises in his Statement of Questions in the appeal proceedings.  In order for us to grant Appellant summary judgment on any of these issues, we must conclude both that there are no facts in dispute that are material to the pending legal issue and that Appellant is entitled to judgment as a matter of law.  See V.R.C.P. 56(c)(3).  In determining whether there are material facts in dispute, we are directed to "accept as true the [factual] allegations made in opposition to the motion for summary judgment, so long as they are supported by affidavits or other evidentiary material," and to give the non-moving party (here, the Town) the benefit of all reasonable doubts and inferences.  Robertson v. Mylan Labs., Inc., 2004 VT 15, ¶ 15, 176 Vt. 356 (citations omitted).  Should

---

[1]  Whether there is more than one wall is debated by the parties.

[2]  See Town of Hartford v. Wood, No. 72-3-00 Vtec; In re Appeal of Marc and Susan Wood, No. 121-7-03 Vtec; In re Appeal of Wood, Nos. 185-10-04 Vtec and 174-8-05 Vtec; In re Wood Zoning Permit Amendment, No. 81-4-07 Vtec; and In re Wood Certificate of Occupancy, No. 176-8-07 Vtec.  This list does not include all appeals or enforcement actions filed with this Court concerning the Woods' subject property, but are, to the best of the undersigned's recollection, all appeals or actions in which the undersigned has rendered one or more decisions or entry orders.

we determine that facts are disputed or that the law does not entitle Appellant to judgment on a particular legal issue, we must deny the motion for that issue.

Applying this standard, we cannot agree that Appellant should be granted summary judgment on any of the issues he raises in this motion. Summary judgment is inappropriate for most of the issues Appellant raises because the Town has demonstrated in its April 1 response to the motion—through allegations and supporting evidence referenced in affidavits and exhibits submitted in association with the filing—that there are disputed material facts. Thus, we are prevented from reaching a legal determination on the following issues, which correspond to Questions 1–5 and 7 of Appellant's Statement of Questions: whether the use of the club lot as a "private club" has been discontinued under the Town's standards addressing nonconforming uses; whether a permit is required for the retaining wall or walls; whether independent technical review of the retaining wall or walls is required and whether such review has already been completed; and whether the Town's Notice of Violation is proper. We therefore must **DENY** Appellant summary judgment on all these issues.

Summary judgment must be also be denied for the remaining issue Appellant raises because he has not alleged sufficient facts to support his claim. This final issue corresponds to Question 6 of Appellant's Statement of Questions and asks about the enforceability of the Hartford Procedures and Standards for Assessment of Technical Review Costs on Zoning Applicants, a policy referenced in one of the Zoning Administrator's decisions upheld by the ZBA. Because Appellant's motion lacks facts and references to evidence that would support a determination that the policy is unenforceable, we cannot find in Appellant's favor on a summary basis. Consequently, we **DENY** Appellant summary judgment on this final issue and, thus, **DENY** in full Appellant's motion for summary judgment.

In reaching this conclusion we note that we did not rely upon the supplemental response, or sur-reply, filed by the Town on May 13, 2011. We relied solely on the Appellant's motion, the Town's response of April 1, Mr. Wood's subsequent reply of April 12, and any associated attachments.

The parties are now directed to complete discovery and prepare for the upcoming trial that is scheduled for July 14, 2011 at the Windsor Superior Courthouse in Woodstock, Vermont.

_____        _____May 20, 2011_____
        Thomas S. Durkin, Judge                                      Date

==============================================================================

Date copies sent to: _____                        Clerk's Initials _____

Copies sent to:

   Paul S. Gillies, Attorney for Appellant/Applicant Marc Wood

   William F. Ellis, Attorney for Appellee Town of Hartford

   Kimberlee Sturtevant, Co-counsel for Appellee